**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDGAR MOSTI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-3378** |
| | § | **(Jury Trial)** |
| | § | |
| **MONTGOMERY COUNTY, TEXAS and** | § | |
| **THE CENTER FOR THE PERFORMING** | § | |
| **ARTS AT THE WOODLANDS,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER
## AND AFFIRMATIVE AND OTHER DEFENSES

Defendant, The Center for the Performing Arts at the Woodlands d/b/a The Cynthia Woods Mitchell Pavilion ("CWMP"), files this First Amended Answer and Affirmative and Other Defenses to Plaintiff's First Amended Original Complaint [Dkt. #20], and respectfully states the following:

### PRELIMINARY FACTS

1.       Defendant admits that there was a concert held at CWMP on June 9, 2023. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies the same.

2.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3.       Defendant admits that Plaintiff purports to have asserted claims in this lawsuit but denies that they have merit.

## JURISDICTION AND VENUE

4.    The allegations in this paragraph contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 4.

5.    Defendant admits that the incident at issue occurred in Montgomery County, Texas. The remaining allegations in Paragraph 5 contain purported conclusion of law, rather than allegations of fact, and therefore, no answer is required.  Defendant, however, denies the remaining allegations in Paragraph 5 in an abundance of caution.

## PARTIES

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7.    Defendant admits that its registered agent is Gerald B. MacDonald at 2005 Lake Robbins Drive, The Woodlands, Texas 77380.  The remaining allegations in Paragraph 7 contain purported conclusion of law, rather than allegations of fact, and therefore, no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 7.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 8 and, therefore, denies the same.

## ADDITIONAL FACTS

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the same.

10.    Defendant admits that a concert was held at CWMP on June 9, 2023.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies the same.

11.     Defendant denies the allegations contained in Paragraph 11.

12.     Defendant denies the allegations contained in Paragraph 12.

13.     Defendant denies the allegations contained in Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14.

15.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies the same.

## CAUSES OF ACTION

## DEFENDANTS CPD OFFICERS
## 42 U.S.C. § 1983; FOURTH AMENDMENT VIOLATIONS: FALSE ARREST/PROSECUTION WITHOUT PROBABLE CAUSE/MEDICAL CARE[1]

18.     No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

19.     The allegations in Paragraph 19 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required.  The allegations in this paragraph further refer to written documents, the contents of which speak for themselves.  The allegations are therefore denied to the extent they do not accurately reflect the contents of those documents.

20.     Defendant denies the allegations in Paragraph 20, but notes that they are not directed at this Defendant.

---

[1]     Defendant understands that this allegation, by its title and its contents, is only asserted against the individual defendants, not CWMP.

21.     Defendant denies the allegations in Paragraph 21, but notes that they are not directed at this Defendant.

22.     Defendant denies the allegations in Paragraph 22, but notes that they are not directed at this Defendant.

## DEFENDANTS CPD OFFICERS
## 42 U.S.C. § 1983: FIRST AMENDMENT FREEDOM OF SPEECH[2]

23.     No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

24.     The allegations in Paragraph 24 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required.  The allegations in this paragraph further refer to written documents, the contents of which speak for themselves.  The allegations are therefore denied to the extent they do not accurately reflect the contents of those documents.

25.     Defendant denies the allegations contained in Paragraph 25, but notes that they are not directed at this Defendant.

## DEFENDANT THE CENTER FOR THE
## PERFORMING ARTS AT THE WOODLANDS
## FALSE IMPRISONMENT

26.     No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

27.     The allegations in this paragraph contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required but Defendant denies them in an abundance of caution.

28.      Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

---

[2]    Defendant understands that this allegation, by its title and contents, is only asserted against the individual defendants, not CWMP.

30. Defendant denies the allegations in Paragraph 30.

31. The allegations in this paragraph contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required but Defendant denies them in an abundance of caution.

32. Defendant admits that it hires officers as security guards. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

33. Defendant denies that Plaintiff is entitled to the damages he seeks in Paragraph 33.

## ASSAULT BY OFFENSIVE PHYSICAL CONTACT

34. No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

35. The allegations in Paragraph 35 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required. Defendant, however, denies the allegations contained in Paragraph 35 in an abundance of caution.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the same.

40. Defendant admits that Plaintiff purports to be seeking damages arising from the incident under the doctrine of respondeat superior but denies that he is entitled to the same.

## NEGLIGENCE and GROSS NEGLIGENCE

41.     No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

42.     The allegations in Paragraph 42 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required. Defendant, however, denies the allegations in an abundance of caution.

43.     The allegations in Paragraph 43 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required. Defendant, however, denies the allegations in an abundance of caution.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant admits that Plaintiff purports to be seeking damages arising from the incident under the doctrine of respondeat superior but denies that he is entitled to any recovery for the same.

## NOTICE TO PRESERVE EVIDENCE

THIS PARAGRAPH DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS OR LEGAL AVERMENTS AND, THEREFORE, NO RESPONSE IS REQUIRED.

## PUNITIVE DAMAGES

47.     No response is required to this paragraph. Defendant reasserts all previous paragraphs as if fully set forth herein.

48.     Defendant denies the allegations contained in Paragraph 48.

## ATTORNEY'S FEES

49.     The allegations in Paragraph 49 contain purported conclusions of law, rather than allegations of fact, and therefore, no answer is required.  Defendant further denies the allegations in Paragraph 49.

## JURY TRIAL

50.     Paragraph 50 does not contain any factual allegations or legal averments and, therefore, no response is required.

## PRAYER FOR RELIEF

51.     Defendant specifically denies that Plaintiff is entitled to the relief requested Paragraph 51 of the Complaint.

Any remaining allegations in Plaintiff's Original Complaint not specifically admitted above by Defendant are denied.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses in response to Plaintiff's claims in the Amended Complaint, undertaking the burden of proof only as to those defenses classified as affirmative defenses by law.  Defendant reserves its right to assert additional defenses as they become known in the course of this matter.

## FIRST DEFENSE

Pleading further and without waiving the foregoing, Defendant denies that Plaintiff has any basis for alleging that Defendant was negligent or that it is otherwise responsible for Plaintiff's alleged injuries.

## SECOND DEFENSE

Pleading further and without waiving the foregoing, the condition that allegedly caused Plaintiff's fall was open and obvious.

## THIRD DEFENSE

Pleading further and without waiving the foregoing, Defendant alleges that Plaintiff's injuries may have been caused, in whole or in part, by Plaintiff's pre-existing conditions and/or intoxication.

## FOURTH DEFENSE

Pleading further and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages and injuries were legally and proximately caused by the negligence, fault, negligence per se, assumption of the risk, and other culpable conduct of Plaintiff and/or other persons or parties over whom Defendant had no control who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances. Defendant is, therefore, entitled to have the Court and Jury apply Chapter 33 of the Texas Civil Practice & Remedies Code to reduce any judgment against Defendant by the percentage/degree of responsibility, negligence, liability, or fault attributable to any other person or party, including Plaintiff, over whom Defendant had no control.

## FIFTH DEFENSE

Pleading further and without waiving the foregoing, Plaintiff's claims are barred in whole or in part because there is no causal connection between the claims asserted by Plaintiff against Defendant and the injuries alleged by Plaintiff.

## SIXTH DEFENSE

Pleading further and without waiving the foregoing, Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries resulted from an intervening or superseding or a new and independent cause, which was the proximate, producing, or sole cause of the occurrences and injuries alleged by Plaintiff. Such separate and independent events or agencies destroyed the causal connection, if any, between any alleged breach of legal duty on the part of Defendant and any injuries

alleged by Plaintiff, and thereby became the proximate, producing, or sole cause of the occurrences and alleged injuries, relieving Defendant of liability to Plaintiff.

## SEVENTH DEFENSE

Pleading further and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Plaintiff's detention was with legal authority or justification.

## EIGHTH DEFENSE

In the unlikely event Defendant is held liable in this cause, which is not admitted but expressly denied, Defendant asserts its right to a full credit and reduction of the amount of Plaintiff's damages pursuant to Section 33.012(b) of the Texas Civil Practice and Remedies Code for the sum of the dollar amounts of all settlements, if any.

## NINTH DEFENSE

Pleading further and without waiving the foregoing, Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to mitigate his damages.

## TENTH DEFENSE

Pleading further and without waiving the foregoing, Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## ELEVENTH DEFENSE

Pleading further and without waiving the foregoing, Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of

medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## TWELFTH DEFENSE

Pleading further and without waiving the foregoing, Defendant states that the officers were acting in the course and scope of their employment as on-duty police officers for the City of Conroe at the time of the incident.

Defendant specifically reserves the right to amend its pleadings in this case in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, The Center for the Performing Arts at the Woodlands d/b/a The Cynthia Woods Mitchell Pavilion, respectfully prays that it be released, discharged, and acquitted of the charges and allegations filed against it by Plaintiff, that Plaintiff take nothing by reason of his lawsuit, that Defendant recovers its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Dated: December 15, 2023

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS, LLP**

By: */s/ Mary E. Frazier*

     Mary Elizondo Frazier
     Texas Bar No.: 24054592
     U.S. So. Dist. Tex. Bar No. 884794
     mfrazier@bradley.com
     Jeffrey S. Davis
     Texas Bar No.: 00783936
     U.S. So. Dist. Tex. Bar No. 19116
     jsdavis@bradley.com
     Andrew W. Bell
     Texas Bar No.: 24086538
     U.S. So. Dist. Tex. Bar No. 3111478
     abell@bradley.com
     600 Travis, Suite 4800
     Houston, Texas 77002
     Telephone: (713) 576-0300
     Facsimile: (713) 576-0301

**ATTORNEYS FOR DEFENDANT, THE CENTER FOR THE PERFORMING ARTS AT THE WOODLANDS d/b/a THE CYNTHIA WOODS MITCHELL PAVILION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DIVISION OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR MOSTI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:23-cv-3378** |
| | § | **(Jury Trial)** |
| MONTGOMERY COUNTY, TEXAS and | § | |
| THE CENTER FOR THE PERFORMING | § | |
| ARTS AT THE WOODLANDS, | § | |
| | § | |
| *Defendants.* | § | |

## CERTIFICATE OF SERVICE

I, Mary E. Frazier, hereby certify that I served a true and correct copy of the foregoing Defendant's First Amended Answer to Plaintiff's Amended Complaint on the following counsel of record on December 15, 2023 by filing this document using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Randall L. Kallinen
KALLINEN LAW PLLC
State Bar No.: 00790995
U.S. So. Dist. Tex. Bar No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone: (713) 320-3785
Facsimile: (713) 893-6737
Email: attorneykallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC
State Bar No.: 24123583
U.S. So. Dist. Tex. Bar No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: (713) 320-3785
Facsimile: (713) 893-6737
Email: alex@acj.legal

*/s/ Mary E. Frazier*
Mary E. Frazier